

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS A. MULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 1717 |
| | ) | |
| METRA CORPORATION, d/b/a | ) | |
| NORTHERN ILLINOIS RAILROAD | ) | |
| CORPORATION, an Illinois | ) | |
| Corporation, and SUE ANN ROSEN, | ) | |
| Individually, and as an Employee of | ) | |
| METRA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Metra Corporation's ("Metra") motion to dismiss and on Defendant Sue Ann Rosen's ("Rosen") motion to quash service of summons. For the reasons stated below, we grant in part and deny in part Metra's motion to dismiss. In addition, we grant Rosen's motion to quash service of summons.

## BACKGROUND

Plaintiff Phyllis A. Mullen ("Mullen") began working for Metra in March of 2004 as a paralegal. Mullen alleges that "at the latest" she complained to the general counsel at Metra about alleged racial discrimination in May of 2004. (A. Compl. Par. 15). According to Mullen, Defendant Sue Ann Rosen ("Rosen"), who was Mullen's supervisor, was discourteous to Mullen, made false or malicious statements about Mullen, and used threatening, intimidating, or abusive language in violation of work place rules. Mullen further alleges that Rosen refused to accept the organization system proposed by Mullen and made a vulgar statement towards Mullen. Mullen also claims that she was blamed for pre-existing problems in her department. According to Mullen, her department was in "chaos and disarray" and she was one of only two paralegals forced to handle enormous amounts of work. (A Compl. Par. 17-18). On May 19, 2004, Mullen filed an internal complaint with the Metra EEO Department regarding her work conditions. Mullen claims that after she filed the complaint, she was told to pick up a written form from the EEO office and that while she was waiting in the EEO office to get the form she "was confronted by Rosen and the HR Department Head (Washington) who presented [Rosen] with a termination memo." (A Compl. Par. 20). Mullen claims that either Mullen or Washington then handed Mullen the EEO form that she had been waiting for and told Mullen that the form was the form that Mullen had been waiting for in order to complain, stating something to the effect of "[b]y the way, here is the form that you came to pick up."

(A. Compl. 20).

Mullen alleges that after her termination she continued to pursue her EEO complaint. Mullen asserts that, after her termination, Rosen made false and misleading statements about Mullen. Specifically, Mullen asserts that Rosen and Metra have sought to "convince third parties, investigators and the legal community at large of [Mullen's] lack of competency." (A Compl. Par. 24). Mullen alleges that Metra's false statements convey a false image to the legal community that Mullen lacks the competency to perform the job duties of a litigation paralegal. (A Compl. Par. 32). Mullen also claims that after her termination at Metra, she had a "business affiliation" with the Law Offices of L.N. Vance and Associates ("Vance"). (A Compl. Par. 30). According to Mullen, Rosen singled out Vance for harassment because of Mullen's connections with Vance. Mullen claims that Rosen "made rude phone calls" to an attorney at Vance and became a nuisance to the attorney to such an extent that it interfered with Mullen's "business affiliation" with the firm. (A Compl. Par. 30)). Mullen's amended complaint includes a claim alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count I), a tortious interference with prospective economic advantage claim ("TIPEA") (Count II), a slander claim (Count III), an injurious falsehood claim (Count III),and a libel claim (Count III).

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . ."'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent

with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

### I. Libel and Slander Claims (Count III)

Metra argues that it is entitled to a dismissal of the libel and slander claims because Metra is protected from civil lawsuits based on its status as a local public entity under the Local Governmental and Governmental Tort Immunity Act ("Illinois Tort Immunity Act"). 745 ILCS 10/1-10 *et seq.* Section 107 of the Illinois Tort Immunity Act provides that, "[a] local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous . . . ." 745 ILCS 10/2-107. The Illinois Tort Immunity Act "includes within the definition local public entity not-for-profit corporations like Metra organized for the purpose of conducting public business." *Smith v. Northeast Ill. Reg'l Commuter R.R. Corp.*,

5

569 N.E.2d 41, 43 (Ill. App. Ct. 1991); , 745 ILCS 10/1-206; *See also Bryant v. Northeast Ill. Reg'l Commuter R.R. Corp. (d/b/a Metra)*, 809 F.Supp. 584, 590 n.5 (N.D. Ill. 1992) (stating that "Metra is a governmental entity, a public corporation and a unit of local government as defined under the Regional Transportation Authority Act").

In the instant action, Mullen does not contest that Metra is a local public entity. Rather, Mullen asserts that the Illinois Tort Immunity Act does not protect local public entities from actions grounded in federal law. This argument however, is of no avail, since Metra is seeking a dismissal of the libel and slander claims pursuant to the Illinois Tort Immunity Act, which are not federally based claims. Mullen also argues that Metra is liable for libel and slander apparently pointing to 740 ILCS 145/3 ("Section 145/3"). Section 145/3 provides that "[i]n actions for slander or libel, an unproved allegation of the truth of the matter charged shall not be deemed proof of malice, unless the jury, on the whole case, find that such defense was made with malicious intent. . .[a]nd it shall be competent for the defendant to establish the truth of the matter charged by a preponderance of testimony." 740 ILCS 145/3. Section 145/3 does not provide that a public entity such as Metra can be held liable for slander or libel. Also, Section 145/3 deals with matters regarding the "truth of the matter charged" and with "proof of malice," neither of which is pertinent in evaluating whether Metra is protected by the Illinois Tort Immunity Act. 740 ILCS 145/3. Therefore, we grant Metra's motion to dismiss the libel and

slander claims.

## II. Injurious Falsehood Claim (Count III)

Metra seeks a dismissal of the injurious falsehood claim. Illinois courts have declined to recognize the tort of injurious falsehood. *Mader v. Motorola*, 1998 WL 164880, at *7 (N.D. Ill. 1998); *Suhadolnik v. City of Springfield*, 540 N.E.2d 895, 913 (Ill. App. Ct. 1989). Mullen has not shown that the Illinois courts would now recognize such a claim and in fact Mullen has provided no response at all to Metra's arguments regarding the injurious falsehood claim. Therefore, we grant Metra's motion to dismiss the injurious falsehood claim.

## III. Tortious Interference with Prospective Economic Advantage Claim (Count II)

Metra argues that the court should dismiss Mullen's TIPEA claim. Metra first argues that Mullen has "fail[ed] to meet the elements of a cause of action for interference with prospective economic advantage." (Mot. 5). In support of such a proposition, Metra cites an Illinois state court case. However, such case law applies the state pleading standard and does not apply the notice pleading standard utilized in the federal courts. The Seventh Circuit has made it clear that, under the notice pleading standard, a plaintiff is not required to plead facts that match up with each element of the claim. *See Head v. Chicago School Reform Bd. of Trustees*, 225 F.3d 794, 801 (7th Cir. 2000)(stating that the plaintiff was not required under the notice

pleading standard to "plead[] sufficient facts to establish the legal elements of his claim."); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). Rather, the proper focus under the notice pleading standard should be on whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley*, 355 U.S. at 45-46.

Metra thus improperly asks the court to require Mullen to plead facts that show elements of her TIPEA claim such as that she had a reasonable expectation of entering into a valid business relationship with a third party. Regardless, Mullen has alleged sufficient facts to address that element of her claim. Specifically, Mullen has alleged that she had a "business affiliation" with the law firm of Law Offices of L.N. Vance and Associates ("Vance"). ( A. Compl. 30). In addition, Mullen has alleged that Rosen singled out Vance because of Mullen's business affiliation with it and that Rosen harassed an attorney at the firm causing "interference" with Mullen's business affiliation. (A. Compl. Par. 30). Such allegations are sufficient, particularly taking into consideration that Mullen is proceeding *pro se*. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers."). Viewing the allegations in a light most

favorable to Mullen, and making inferences in her favor, Mullen alleges that she did have a reasonable expectation of entering into a valid business relationship with the law firm. Therefore, we deny Metra's motion to dismiss the TIPEA claim.

We emphasize that we are not making any findings as to the truth of Mullen's allegations or the strength of the evidence in this regard. At this stage of the proceedings, we are required to accept as true Mullen's allegations. *Thompson*, 300 F.3d at 753. At the dispositive motion stage, Mullen will need to offer more than allegations to maintain her TIPEA claim and will need to point to sufficient evidence to support her allegations in order to defeat a dispositive motion, if one is filed by Metra.

IV. Coherence of Complaint

Metra seeks a dismissal of all claims in this action based upon Federal Rule of Civil Procedure 8 ("Rule 8"). Rule 8 states in part that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & 8(e)(1). Metra argues that the amended complaint does not comply with Rule 8 because the amended complaint "is replete with duplicative superfluous, and irrelevant information." (Mot. 10). However, as is explained above, in addition to Rule 8, the Seventh Circuit has provided case law defining the notice pleading standard. As the Seventh Circuit has explained, the true test for a

9

complaint is whether the complaint "provide[s] the defendant with at least minimal notice of the claim." *Kyle*, 144 F.3d at 455. In order to obtain a dismissal, a defendant must do much more than simply point to Rule 8 and to a duplicative fact in the complaint or to a fact that the defendant considers irrelevant. Metra demands "clarity and brevity" in the complaint. (Mot. 10). Certainly, there can be instances when the complaint is so incoherent or so elongated that the complaint is not coherent and a defendant is not provided with sufficient notice of the claims brought against it. Metra cites, for instance, *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771 (7th Cir. 1994), in which the plaintiff's amended complaint was 119 pages, containing 385 paragraphs, and considered "less-than-coherent." *Id.* at 775. Metra also cites *Harman v. Gist*, 2003 WL 22053591 (N.D. Ill. 2003) in which the plaintiff's complaint referenced 200 pages of exhibits. *Id.* at *5. However, unlike the complaints discussed in *Vicom* or *Harman*, Mullen's complaint, while lengthy, is not overly complex or confusing. The complaint itself is only 14 pages long, while containing approximately 45 pages of exhibits. Moreover, Mullen does reference lengthy exhibits and it is feasible to clearly identify certain causes of action from her complaint. Mullen has provided sufficient clarity and brevity in her allegations to give Metra notice of the claims brought against it.

While "clarity and brevity" in a complaint is preferable, there is nothing that necessarily requires a complaint to be well organized or well written and nothing in Rule 8 allows a court to engage in a critique of the writing skills of the drafter of the

complaint and dismiss an action if the complaint is not up to par. Metra's arguments in regards to the brevity and clarity of the complaint are particularly flawed because Metra does not even acknowledge that Mullen is proceeding *pro se*. A *pro se* complaint cannot be held to the same stringent standard as that which is applied to the pleadings of a licensed practitioner. *See McCormick*, 230 F.3d at 325(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers."). Thus, it is not reasonable for Metra to demand that the complaint be void of all irrelevant facts when the complaint was prepared by a layperson who may or may not have sufficient knowledge of the law to plead only the relevant facts. Clearly, the Seventh Circuit has not imposed such a burden on *pro se* litigants. *See e.g. id.*

As is explained above, Mullen has provided sufficient allegations to delineate the bases for her TIPEA claim. Mullen has also provided sufficient allegations for her Title VII retaliation claim. Mullen alleged that she was being discriminated against because of her race to the EEO Office at Metra. (A. Compl. Par. 4). Mullen alleges that her working conditions worsened and she decided to file an internal complaint with the EEO Office on May 19, 2004. (A. Compl. Par. 19). Mullen states that she went to pick up a form for the complaint from the EEO office and was told to wait in a conference room. (A. Compl. Par. 20). Mullen alleges that Rosen, who was responsible for the alleged discrimination, then came in the conference room. Mullen alleges that either Rosen or Washington told Mullen that she was fired, handed Mullen the EEO form and told Mullen that the form was the form that Mullen was waiting for in order to complain. (A. Compl. Par. 20). Such allegations

are sufficient to state a Title VII retaliation claim. Again, we emphasize that we are not making any findings regarding the truth of Mullen's allegations. We are merely finding that she has provided sufficient allegations to state a claim. Therefore, we deny Metra's motion to dismiss all claims based upon Rule 8.

V. Motion to Quash Summons

Rosen moves to quash service of summons in the instant action. Federal Rule of Civil Procedure 4(e) ("Rule 4(e)") provides the following:

> [S]ervice upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States. . . pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or . . . by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Illinois law, service of a summons upon an individual is to be made either by "leaving a copy thereof with the defendant personally" or by delivering a copy to a suitable person "at the defendant's usual place of abode. . . ." 735 ILCS 5/2-203(a)(1)-(2). In considering the sufficiency of service of process, a defendant may introduce affidavits to support its contention that service was improper. *See Jones v. Jones*, 217 F.2d 239, 242 (7th Cir. 1954) (considering affidavits submitted by both parties in deciding whether service was proper);

*Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1186 (7th Cir. 1969) (considering affidavit submitted to support defendant's motion to quash service).

In the instant action, Rosen argues that the summons addressed to Rosen, along with a copy of the complaint, was dropped off with Metra's receptionist, Carmen Kenniel ("Kenniel") at the front desk of Metra's Law Department, 547 West Jackson Boulevard. Rosen argues that the building located at 547 West Jackson Boulevard is an office building and Metra's headquarters. Rosen asserts that she does not reside at this location and that it is not her usual place of abode. An affidavit by Kenniel reiterates this notion. Thus, Rosen argues that she was not properly served according to Federal Rule of Civil Procedure 4(e) and that the service of summons should be quashed.

Mullen claims that, although service of process was not at Rosen's usual place of abode or handed to her personally, Rosen was present at the time of service and was aware at all times of the service of process upon her. However, Mullen's assertion that Rosen was present at the time of service directly contradicts the affidavit of Kenniel, which states that Kenniel signed for the summons and that Rosen was not present at the time the summons was dropped off. Moreover, Mullen's own documentary evidence affirms that Kenniel signed for the summons, but does not show that Rosen was present or signed the document. Thus, Mullen has not shown that Rosen has been properly served in this action and we grant Rosen's motion to quash service of summons. We note that we are not by this ruling barring Mullen from seeking an extension of time to execute proper service upon Rosen.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss the slander claim (Count III), the libel claims (Count III), and the injurious falsehood claim (Count III). We deny the motion to dismiss the TIPEA claim (Count II) and the Title VII retaliation claim (Count I). We grant Rosen's motion to quash service of summons.

*Samuel Der-Yeghiayan*
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 11, 2005