# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS A. MULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 1717 |
| | ) | |
| METRA CORPORATION, d/b/a | ) | |
| NORTHERN ILLINOIS RAILROAD | ) | |
| CORPORATION, an Illinois | ) | |
| Corporation, and SUE ANN ROSEN, | ) | |
| Individually, and as an Employee of | ) | |
| METRA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sue Ann Rosen's ("Rosen") partial motion to dismiss Counts I, II, and III. For the reasons stated below, we grant in part and deny in part Rosen's partial motion to dismiss.

## BACKGROUND

Plaintiff Phyllis A. Mullen ("Mullen") began working for Defendant Metra Corporation ("Metra") in March of 2004 as a paralegal. Mullen alleges that "at the

1

latest" she complained to the general counsel of Metra about alleged racial discrimination in May of 2004. (A. Compl. Par. 15). According to Mullen, Defendant Sue Ann Rosen ("Rosen"), who was Mullen's supervisor, was discourteous to Mullen, made false or malicious statements about Mullen, and used threatening, intimidating, or abusive language in violation of work place rules. Mullen further alleges that Rosen refused to accept the organization system proposed by Mullen and made a vulgar statement toward Mullen. Mullen also claims that she was blamed for pre-existing problems in her department. According to Mullen, her department was in "chaos and disarray," and she was one of only two paralegals forced to handle enormous amounts of work. (A Compl. Par. 17-18). On May 19, 2004, Mullen filed an internal complaint with the Metra EEO Department regarding her work conditions. Mullen claims that after she filed the complaint, she was told to pick up a written form from the EEO office and that while she was waiting in the EEO office to get the form she "was confronted by Rosen and the HR Department Head (Washington) who presented [Rosen] with a termination memo." (A Compl. Par. 20). Mullen claims that either Rosen or Washington then handed Mullen the EEO form that she had been waiting for and told Mullen that the form was the form that Mullen had been waiting for in order to complain, stating something to the effect of "[b]y the way, here is the form that you came to pick up." (A. Compl. 20).

Mullen alleges that after her termination she continued to pursue her EEO complaint. Mullen asserts that, after her termination, Rosen made false and

misleading statements about Mullen. Specifically, Mullen asserts that Rosen and Metra have sought to "convince third parties, investigators and the legal community at large of [Mullen's] lack of competency." (A Compl. Par. 24). Mullen alleges that Metra's false statements convey a false image to the legal community that Mullen lacks the competency to perform the job duties of a litigation paralegal. (A Compl. Par. 32). Mullen also claims that after her termination at Metra, she had a "business affiliation" with the Law Offices of L.N. Vance and Associates ("Vance"). (A Compl. Par. 30). According to Mullen, Rosen singled out Vance for harassment because of Mullen's connections with Vance. Mullen claims that Rosen "made rude phone calls" to an attorney at Vance and became a nuisance to the attorney to such an extent that it interfered with Mullen's "business affiliation" with the firm. (A Compl. Par. 30)). Mullen's amended complaint includes a claim alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count I), a tortious interference with prospective economic advantage claim ("TIPEA") (Count II), a slander claim (Count III), an injurious falsehood claim (Count III), and a libel claim (Count III).

We previously granted Metra's motion to dismiss the slander claim (Count III), the libel claim (Count III), and the injurious falsehood claim (Count III) that were brought against Metra. We also denied Metra's motion to dismiss the Title VII retaliation claim (Count I) and the TIPEA claim (Count II) that were brought against Metra. In addition, we granted Rosen's motion to quash service. Rosen was

3

subsequently served in the action and now moves to dismiss the Title VII retaliation claim (Count I), TIPEA claim (Count II), slander claim (Count III), libel claim (Count III), and the injurious falsehood claim (Count III) that are brought against her.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998);

*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

### I. Title VII Retaliation Claim (Count I)

Rosen argues that the Title VII retaliation claim should be dismissed because Rosen was not Mullen's employer and cannot be found individually liable under Title VII . Title VII prohibits discrimination and retaliation by an employer and "[i]t is by now well established in this court that 'a supervisor does not, in his individual

capacity, fall within Title VII's definition of employer.'" *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998)(quoting in part *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir.1995)); 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-3(a). Mullen has not shown that Rosen can be held individually liable under Title VII and does not contest Rosen's assertion that Rosen was not Mullen's employer under Title VII. Instead, Mullen accuses Rosen of presenting the same arguments to the court presented in Metra's motion to dismiss. Mullen is entirely mistaken on that point. Metra did not make the above argument on Rosen's behalf. In fact at the time of the court's ruling on Metra's motion to dismiss, Rosen had not yet been properly served in the action and was seeking to quash the attempted service upon her. The instant motion to dismiss is the first motion to address the claims brought against Rosen and Rosen's argument concerning the Title VII retaliation claim is novel and meritorious. Therefore, we grant Rosen's motion to dismiss the Title VII retaliation claim brought against Rosen (Count I).

## II. TIPEA Claim (Count II)

Rosen also seeks a dismissal of the TIPEA claim (Count II) brought against her. Rosen merely complains that she is not certain whether or not Mullen intended a TIPEA claim to be brought against Rosen as well as Metra. However, Rosen offers no actual justification that would warrant dismissal of the claim even if such a claim was being brought against her. Although, Rosen claims that she does not

know if she is allegedly involved in the TIPEA claim, the amended complaint is replete with alleged conduct performed solely by Rosen in regard to the TIPEA claim. Mullen specifically alleges that it was Rosen that improperly contacted and harassed Mullen's subsequent employer. (A Compl. Par. 29-30). Thus, Rosen should not be under any misapprehension as to whether or not she is implicated in the allegations of the amended complaint. To the extent that Rosen wonders whether she is being sued in her individual capacity, the proper motion for Rosen to file would have been a motion for a more definite statement rather than a motion to dismiss. Thus, we deny Rosen's motion to dismiss the TIPEA claim (Count II) brought against Rosen. To the extent that Rosen wonders as to whether she is being sued individually in Count II, Mullen makes the answer crystal clear in her answer to the instant motion, indicating that Rosen is being sued individually in Counts I, II, and III. (Ans. 3).

### III. Slander and Libel Claims (Count III)

Rosen moves to dismiss the slander and libel claims (Count III). Similarly to Rosen's arguments regarding the TIPEA claim, Rosen provides no basis whatsoever to support a dismissal of the slander and libel claims brought against her (Count III). Instead Rosen simply wonders to herself whether or not Mullen intended to bring the slander and libel claims (Count III) against Rosen. Again, the proper motion for Rosen would have been a motion for a more definite statement rather than a motion

to dismiss. Therefore, we deny Rosen's motion to dismiss the slander and libel claims (Count III) brought against Rosen. The amended complaint alleges misconduct specifically by Rosen and also by other employees at Metra that relates to the slander and libel claims. Mullen refers to "Metra's false statements, as manifested by Rosen" that were slander. (A. Compl. 32). As indicated above, Mullen in her answer to the instant motion made it clear that she is bringing the slander and libel claims against Rosen individually as well as against Metra.

## IV. Injurious Falsehood Claim (Count III)

Rosen moves for a dismissal of the injurious falsehood claim (Count III) brought against Rosen. As we indicated in our prior opinion, Illinois courts have declined to recognize the tort of injurious falsehood. *Mader v. Motorola*, 1998 WL 164880, at *7 (N.D. Ill. 1998); *Suhadolnik v. City of Springfield*, 540 N.E.2d 895, 913 (Ill. App. Ct. 1989). Mullen has not shown that the Illinois courts would now recognize such a claim. Therefore, we grant Rosen's motion to dismiss the injurious falsehood claim (Count III) brought against Rosen.

## CONCLUSION

Based on the foregoing analysis, we grant Rosen's motion to dismiss the Title VII retaliation claim (Count I) and the injurious falsehood claim (Count III) brought against her. We deny Rosen's motion to dismiss the TIPEA claim (Count II), the slander claim (Count III), and the libel claim (Count III) brought against her.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 13, 2005