IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS A. MULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 1717 |
| | ) | |
| | ) | |
| METRA CORPORATION, d/b/a | ) | |
| NORTHERN ILLINOIS RAILROAD | ) | |
| CORPORATION, an Illinois | ) | |
| Corporation, and SUE ANN ROSEN, | ) | |
| Individually, and as an Employee of | ) | |
| METRA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Phyllis A. Mullen's ("Mullen") motion to extend discovery deadlines. This matter is also before the court on Defendants' motions for leave to supplement the answers to the complaint, motion to dismiss, and motion to strike. For the reasons stated below, we grant Mullen's motion for an extension of discovery, grant Defendants' motions to amend, and deny Defendants' motion to dismiss and motion to strike without prejudice.

## DISCUSSION

1

I. Defendants' Motions to Supplement Answers

Defendants move for leave to supplement their answers to the complaint and add additional affirmative defenses. Defendant Metra Corporation requests permission to add one additional affirmative defense to its answer and Defendant Sue Ann Rosen requests permission to add four affirmative defenses to her answer. The additional affirmative defenses presented by Defendants are appropriate in light of the issues involved in this action and there is no indication that the supplements will unfairly prejudice Mullen. We also note that we gave Mullen until January 26, 2006, to file an answer to Defendants' motions for leave to supplement their answers and no responsive briefs were filed by Mullen indicating any objections to the supplements to the answers. Therefore, we grant Defendants' motions to supplement their answers to the complaint.

II. Motion to Strike, Motion to Dismiss, and Motion for Extension

Defendants move to dismiss the instant action based upon Mullen's alleged failure to comply with the court's discovery deadline and Defendants move to strike Mullen's allegedly untimely discovery requests. Mullen also moves to extend the discovery deadline. On October 13, 2005, we entered an order indicating that all discovery in this action needed to be completed by January 13, 2006. Defendants have shown that on December 8, 2005, they mailed to Mullen a notice of deposition,

interrogatories, and requests for production. Defendants' counsel contend that they attempted to call Mullen on January 3, 2006, to determine when she would provide the requested discovery and to confirm that she would be present at her deposition, which was set for January 9, 2006. On January 4, 2006, Mullen faxed a letter to Defendants' counsel stating that she was not available on January 9, 2006, and that "there is no new date at this time." (Mot. 2). Defendants indicate that their counsel attempted to contact Mullen by phone on January 4, 2006, to reschedule the deposition and left a voice mail message for Mullen. Defendants contend that on January 6, 2006, Mullen contacted Defendants' counsel by phone and informed them that she would not schedule another date. Defendants also contend that Mullen presented them with requests for discovery on January 5, 2006, which was eight days before the discovery completion deadline.

We note that the court gave Mullen until January 26, 2006, to file an answer to the motion to strike and the motion to dismiss and Mullen failed to file any response to either of the motions. Mullen did subsequently file a motion seeking an extension of the discovery deadlines, but Mullen's motion fails to address the accusations in the motion to strike and motion to dismiss that state that Mullen has not acted diligently during discovery and has not cooperated with Defendants. Mullen has, thus, not disputed any of the statements presented by Defendants in their motions to strike and to dismiss.

Mullen argues in her motion for an extension of time that she needs more time

3

for discovery and that she has been diligently working to complete discovery. We disagree, given that the record before us indicates otherwise. Mullen has not shown justification for her failure to answer to discovery in a timely fashion and failure to present her discovery requests in a timely fashion. It is clear that Mullen has been dilatory in her discovery efforts, which has delayed the progression and completion of discovery.

Defendants have asked the court to dismiss this action as a sanction for Mullen's misconduct. The Seventh Circuit has explained that the "drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003). A sanction for failing to comply with court deadlines should be "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Id.* (stating that in imposing sanctions for failing to comply with court deadlines, the court should consider factors such as "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit").

The circumstances in this case show that Mullen has purposely attempted to thwart the Defendants' discovery efforts. Defendants and the court have had to expend time and resources resolving the discovery issues that are now before the

court. The court will extend discovery deadlines to give an opportunity to the parties to complete discovery. However, Mullen is warned that any future failure to comply with the court's deadlines or orders may result in appropriate sanctions, which may include the dismissal of this action.

Discovery for all purposes is extended until April 14, 2006. This deadline is a firm deadline. Also, Mullen is ordered to sit for her deposition and to provide responses to all Defendants' discovery requests that are currently outstanding by March 28, 2006. Dispositive motions will be due on May 23, 2006. The answers will be due on June 6, 2006, and the replies will be due on June 13, 2006. The status hearing set for April 21, 2006, is stricken and reset to June 28, 2006, at 9:00 a.m. Defendants' motion to strike and motion to dismiss are denied without prejudice and Mullen's motion for an extension of discovery is granted.

## CONCLUSION

Based on the foregoing analysis, we grant Mullen's motion for an extension, and grant Defendants' motions to amend. We also deny Defendants' motion to dismiss and motion to strike without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 15, 2006